IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Roy A Watson,                    )
                                 )    Case No: 1:06cv00058 EGS
              Plaintiff,         )
v.                               )
                                 )
UNITED STATES (Government),      )    **RECEIVED**
                                 )
              Defendant.         )    JUN 0 5 2006
                                 )
                                      NANCY MAYER WHITTINGTON, CLERK
                                             U.S. DISTRICT COURT

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

Based upon "recent Supreme Court jurisprudence" *See*: <u>Turner v. United States</u>, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on <u>Arbaugh v. Y & H Corp.</u>, 126 S.Ct. 1235, 1242 (2006), (sic) Plaintiff(s) file this sur-reply.

Counsel's motion remains a substantive and procedural nullity, frivolous on its face, interposed for the sole purpose of delaying this litigation and counsel is obstructing the perpetuation of testimony before this court.

Counsel's attempt to avoid subject matter and personal jurisdiction by misrepresenting that service was improper and that plaintiff(s) have not exhausted administrative remedies remains unwarranted by existing law, and fails to present a good faith basis for extension, modification or reversal of existing law.

## **IMPROPER SERVICE - MISREPRESENTED**

Plaintiff(s) assert that counsel confuses Fed.R.Civ.P. 4(c) with the Rule under which service was effected: Fed.R.Civ.P. 4(i), "SERVING THE UNITED STATES, ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES."

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i) states:

> (1) Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General...

While counsel appears to be arguing that service under Fed.R.Civ.P. 4(i)(1)(A) should require that someone other than the Plaintiff to effect service, counsel overlooks the alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail...".

Counsel presents no authority which prevents plaintiff(s) from certifying that plaintiff placed the summons and complaint in the mail as required by Fed.R.Civ.P. 4(i)(1)(A). Counsel also alleges that plaintiff(s) did not serve the Internal Revenue Service. This is a clear misrepresentation of this matter as the Internal Revenue Service is not named as a party to this matter and thus plaintiff is not required to serve the Internal Revenue Service.

Further, plaintiff(s) did not actually serve defendant. The United States Postal effected service of process on defendant. Plaintiff(s) only certified that plaintiff placed the summons and complaint in the hands of the United States Postal Service.

Counsel then seeks to "sneak in" through his/her "Memo" several other bases for dismissal that are not relevant to his/her Motion to Dismiss re: Insufficiency of Service.

### ADMINISTRATIVE REMEDIES

This Court has recognized that an exception to the exhaustion of the administrative remedy is found where "An adverse decision can also be certain if an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C. Cir. 1982).

This Court has also recognized that an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. (Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006) citing Gibson v. Berryhill, 411 U.S. at 575, n. 14; Houghton v. Shafer, 392 U.S. 639, 640 (1968))

### FINDINGS MUST BE BASED UPON EVIDENCE

Even if administrative exhaustion is a question of law, the exceptions to the