RECEIVED

JUN 0 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF COLUMBIA

Roy A Watson,

                Plaintiff(s),

v.

United States

                Defendant.

Case No. **1:06cv00058**

ADDENDUM TO COMPLAINT No. 1

       This Court has recognized that an exception to the exhaustion of the administrative remedy is found where "An adverse decision can also be certain if an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C. Cir. 1982).

       This Court has also recognized that an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. (Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006) citing Gibson v. Berryhill, 411 U.S. at 575, n. 14; Houghton v. Shafer, 392 U.S. 639, 640 (1968))

       Pursuant to The Federal Records Act, 44 USC § 3101, and the National Archives Act, 44 USC § 3106, the attached correspondence is a public record. Pursuant to the Administrative Procedure Act, 5 USC 704, the attached correspondence is a final agency

action.

## FINDINGS MUST BE BASED UPON EVIDENCE

Even if administrative exhaustion is a question of law, the exceptions to the administrative exhaustion requirement that have heretofore been mentioned, in Koerner (both cases)[1], Turner, and in the instant case, involve findings of fact which should, in keeping with Arbaugh, be within the province of a jury. In the instant case, a jury finding that IRS was willing to reconsider a position (Randolph-Sheppard), or was unbiased (McCarthy), would naturally *and properly* result in the legal conclusion that no exception(s) to the exhaustion requirement are applicable; an adverse jury finding, however, of IRS intransigence, or bias, would necessarily and properly result in the legal conclusion that one or more exception(s) to the exhaustion requirement do apply. The legal conclusion that Plaintiff failed to exhaust an administrative remedy to which no exception applies may only be based upon a finding of facts; a finding of the jury. I/we believe that a proper reading of the statute supports this argument.

Pursuant to Fed Rules of Edv. Rule 902(1) the attached correspondence is self-authenticating. Pursuant to Fed. Rules of Edv. Rule 201 the court is required to take mandatory judicial notice of the adjudicative fact that the attached correspondence (sent to plaintiff(s), is a final agency action that demonstrates that the IRS is unwilling to

[1] No. 05-1600 (D.D.C. Oct 26, 2005; 06-0024, D.D.C. Mar. 31, 2006

reconsider the position taken in the attached correspondence[2] and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing the instant action.

Dated 5-30, 2006

Roy A Watson
PO Box 766
Provo, UT 84603

CERTIFICATE OF SERVICE

I certify that I have mailed an original and one copy of the forgoing to:

Clerk of Court, United States District Court, 333 Constitution Ave. NW, Washington D.C. 20001,

and one copy to:

Beatriz T. Saiz, Trial Attorney, Tax Division, U.S. Dept of Justice, P.O. Box 227, Ben Franklin Station, Washington D.C. 20044.

Dated 5-30, 2006

Roy A Watson

---

[2] The attached correspondence is provided solely to demonstrate that the defendants' agency has articulated a position that is a final agency action that defendants' agency is unwilling to reconsider and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing this action and for no other purpose.

**Internal Revenue Service**
Ogden, UT 84201

U.S. OFFICIAL MAIL
PENALTY FOR PRIVATE USE $300
PB METER
1903631
U.S. POSTAGE

Official Business
Penalty for Private Use, $300

84603%0766 B010



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

May 5, 2006

Roy A. Watson
P.O. Box 766
Provo, UT 84603

Dear Mr. Watson:

This is in response to your resubmitted Freedom of Information Act request of January 19, 2006, and received in our office May 4, 2006.

We are unable to process your request because the requester must establish his or her identity and right to access the requested records. Thus, the request must:

a. If the request is made by mail, it must contain the requester's signature, address, and one other identifier (such as a copy of a driver's license) bearing his or her signature; or

b. Present a notarized statement swearing to the requester's identity, or

c. A sworn statement as to identity, under penalty of perjury. The sworn statement should state: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)."

In order to constitute a valid request under FOIA, certain requirements must be met, including a firm commitment to pay fees for search and duplication. We have enclosed a copy of the requirements necessary to have a complete Freedom of Information Act request.

You have thirty days to perfect and resubmit your request to this office and upon receipt of your perfected request we will provide the appropriate responsive data as quickly as possible. The statutory period for response does not begin until a perfected request is received. Please mail your request to the address listed below.

This completes all action on your request by this office.

If you have any questions regarding this correspondence, Case Control Number RM06-2951, contact Robert Maestas, #7951706620, at (801) 620-7635 between the hours of 6:30 a.m. and 3:00 p.m. Mountain Time or write to Internal Revenue Service, Ogden Campus Disclosure Office, M/S 7000, PO Box 9941 Ogden, UT 84409.

Sincerely,

Robert Maestas
Disclosure Specialist

Enclosure(s):
Freedom of Information Act Guidelines

## HOW TO WRITE A FOIA REQUEST

Your FOIA request for Treasury Department records has to meet the following criteria before Treasury can take action:

1. It must be in writing and signed by the person making the request;
2. It must state that the request is being made pursuant to the FOIA;
3. It must reasonably describe the records being requested;
4. It must state the category of the requester for fee purposes (i.e., commercial, media, educational, all other);
5. It must contain an agreement to pay all fees that might be incurred;
6. It must state whether a copy of the records is desired, or inspection of records only.
7. It must be addressed to the Treasury bureau that maintains the requested records.

### Authorization

Individuals may not get information about someone else under the Privacy Act. If you want the Department to release information about you to someone else, such as your attorney or other authorized representative, you will need to provide written consent for the release of the information. The written authorization must contain:

1. A description of the record which may be disclosed;
2. The name of the person, firm, or agency to which the record will be disclosed;
3. A statement that the Department is authorized to disclose the record;
4. Your signature and the date; and
5. Verification of your identity.

### Verification of Identity

You must verify your identity before action will be taken on any request. This can be done by providing a copy of a driver's license bearing your signature; or by providing a signed and dated statement that you understand the penalties provided in 5 U.S.C. 552a(i)(3) for requesting access to records under false pretenses, and the statement is subscribed by you as true and correct under penalty of perjury pursuant to 28 U.S.C. 1746.

## FEES

Fees may be charged only for the cost of duplication, without regard to whether the request was processed under the Privacy Act, the Freedom of Information Act, or both. The first l00 pages will be provided without charge.

RECEIVED
MAY 0 4 2006
GLD/Area 6
Ogden Disclosure Office
Internal Revenue Service

Roy A Watson
PO Box 766
Provo, UT 84603

Tax ID #: 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 (For information only)

**Department of the Treasury**
Internal Revenue Service
Mr. Mark W. Everson, Commissioner et al.
1111 Constitution Ave. NW, Room 3000
Washington, D.C. 20224

Dear Mr. Everson:

I/we am/are in receipt of the attached suspicious document(s). This/these paper(s) does/do not bear a signature and is/are not accompanied by valid documentation. I/we have no means to evaluate its/their integrity.

I/we object to those under your supervision sending me/us threatening letters without clear identification of who sent the letter(s) and their authority to do. Thus, I/we am/are unable to determine whether the threatening letter(s) is/are a fraud.

As you are aware the Federal Records Act, 44 USC § 3101, and the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, requires you as the head of a Federal agency, to make and preserve records containing adequate and proper documentation of, the organization of the agency; the functions of the agency; the policies of the agency; the decisions of the agency; the procedures of the agency; and the essential transactions of the agency.

I have reviewed all of the GAO audit reports for the years 1993 through and including 2003. I provide you with some extractions from the aforementioned GAO Reports. I have found that the IRS records are generally unreliable, the IRS cannot generate a file or listing of the detailed transaction such as assessments, collections, abatements, refunds, and interest recorded; IRS permits employees to make unauthorized access and modifications to taxpayer information; IRS cannot retrieve the detailed information needed to summarize individual types of transactions, such as penalties or interest, or support the information included in IRS' reports; IRS cannot ensure that (1) manual entries are appropriate and authorized and (2) any keying errors associated with manually input entries are detected; IRS' systems do not routinely produce reliable information about valid and collectible accounts receivable; IRS' automated records contain errors and IRS does not record tax assessments, payments and other activities; IRS controls over cash, checks and related hard copy taxpayer data it receives from taxpayers do not sufficiently limit the risk of theft, loss, or misuse of such funds and data; many assessments were erroneous; IRS stated that it generally agreed with the findings and conclusions in the reports.

Pursuant to the requirements of 26, U.S.C. §6203, Federal Records Act, 44 USC § 3101, the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222 , I/we demand that you send me/us (a) certificate(s) of assessment for each year identified in the letter(s) and evidence of their accuracy. As you are aware IRC §6201requires that before a tax is due it must be assessed. It appears that in my/our case there is/are no assessment(s) for the year(s) set forth in the attached correspondence. It also appears that

pursuant to the above GAO Audit report that the numbers shown on the attached letters is/are inaccurate, untimely, and not meaningful.

If I/we do not hear from you within 30 days from your receipt of this letter disputing a tax obligation for the years in question I/we will reasonably conclude that you have failed to keep proper records, there is/are no assessment(s) for the year(s) referenced, that the request(s) is/are fraudulent, that your employees are engaged in felony extortion by collecting more tax than is shown on the certificate(s) of assessments, and shall expect your internal investigation to determine who violated laws by sending threatening letters.

Additionally, because you have previously failed and/or refused to provide me/us evidence that (a) valid assessment(s) exist(s) I/we have sued your employer (United States) under the provisions of 26 USC §7433, a copy of the first two pages are attached. Should your employees continue with collection activities I/we will seek an order to show cause against you for allowing your employees to continue to disregard any section of Title 26 and its regulations by collecting and attempting to collect more tax than is shown on the non-existent certificates of assessment.

Thank you in advance for respecting my right to dispute an alleged tax obligation.

Sincerely

Roy A Watson
Dated 1-19-06, ~~2005~~

**Internal Revenue Service**
Fresno, CA 93888

Official Business
Penalty for Private Use, $300

U.S. OFFICIAL MAIL
FIRST-CLASS MAIL
POSTAGE AND FEES PAID
IRS
MAILED FROM ZIP CODE

#4603X0766

Form 8519 (Rev. January 2001)

Department of the Treasury-Internal Revenue Service

# Taxpayer's Copy of Notice of Levy

DATE: 02/25/2006

TELEPHONE NUMBER OF IRS OFFICE: TOLL FREE 1-800-829-7650 WI

SEQNUM 00072

REPLY TO:
ACS SUPPORT
PO BOX 24017
FRESNO, CA 93779-4017

P 87-0164017

TO:

ROY WATSON
PO BOX 766
PROVO UT 84603-0766668

BANK OF AMERICAN FORK
PO BOX 307
AMERICAN FORK UT 84003

IDENTIFYING NUMBER(S): 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
WATS W 00

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-1992 | $ 16,975.87 | $ 22,199.33 | $ 39,175.20 |
| 1040A | 12-31-1994 | $ 8,915.69 | $ 2,137.40 | $ 11,053.09 |
| 1040A | 12-31-1995 | $ 3,400.62 | $ 856.09 | $ 4,256.71 |
| 1040A | 12-31-1996 | $ 320.35 | $ 877.44 | $ 1,197.79 |
| 1040A | 12-31-1997 | $ 2,270.07 | $ 780.88 | $ 3,050.95 |
| 1040A | 12-31-1998 | $ 3,632.87 | $ 1,388.38 | $ 5,021.25 |
| 1040A | 12-31-1999 | $ 5,774.64 | $ 931.42 | $ 6,706.06 |
| 1040A | 12-31-2000 | $ 3,872.37 | $ 777.21 | $ 4,649.58 |
| 1040A | 12-31-2002 | $ 2,447.02 | $ 480.58 | $ 2,927.60 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUAL RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. →

Total Amount Due ▶ $ 78,038.23

We figured the interest and late payment penalty to 03-28-2006

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we do not get enough with this one.

**Banks, credit unions, saving and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.**

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order ) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

Signature of Service Representative

Title: Operations Manager, Collection

**Internal Revenue Service**
Fresno, CA 93888

Official Business
Penalty for Private Use, $300

UNITED STATES POSTAGE
U.S. OFFICIAL MAIL
PENALTY FOR
FIRST CLASS MAIL
PAID
IRS
PITNEY BOWES
PERMIT
02 1A
0004202753
MAR 02 2006
MAILED FROM ZIP CODE 93727

ROY WATSON
PO BOX 766
PROVO UT 84603-0766668

IDENTIFYING NUMBER(S):

84603X0766

# Taxpayer's Copy of Notice of Levy

DATE: 02/21/2006

TELEPHONE NUMBER OF IRS OFFICE: TOLL FREE 1-800-829-7650
WI

SEQNUM 00097

REPLY TO:
ACS SUPPORT
PO BOX 24017
FRESNO, CA 93779-4017

P

TO:

ROY WATSON
PO BOX 766
PROVO UT 84603-0766668

BEEHIVE MEADOWS LLC
2230 N UNIVERSITY PKWY STE 2F
PROVO UT 84604

IDENTIFYING NUMBER(S): 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
WATS W 00

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-1992 | $ 16,975.87 | $ 22,115.26 | $ 39,091.13 |
| 1040A | 12-31-1994 | $ 8,915.69 | $ 2,114.06 | $ 11,029.75 |
| 1040A | 12-31-1995 | $ 3,400.62 | $ 847.18 | $ 4,247.80 |
| 1040A | 12-31-1996 | $ 320.35 | $ 874.68 | $ 1,195.03 |
| 1040A | 12-31-1997 | $ 2,270.07 | $ 774.04 | $ 3,044.11 |
| 1040A | 12-31-1998 | $ 3,632.87 | $ 1,377.45 | $ 5,010.32 |
| 1040A | 12-31-1999 | $ 5,774.64 | $ 916.30 | $ 6,690.94 |
| 1040A | 12-31-2000 | $ 3,872.37 | $ 767.07 | $ 4,639.44 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUAL RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. →

Total Amount Due ▶ $ 74,948.52

We figured the interest and late payment penalty to 03-16-2006

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we do not get enough with this one.

**Banks, credit unions, saving and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.**

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order ) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative | Title |
|---|---|
| [signature] | Operations Manager, Collection |

**Internal Revenue Service**
**Appeals Office**
**150 E. Social Hall Ave., Rm. 325**
**Salt Lake City, UT 84111**

Official Business
Penalty for Private Use, $300

UNITED STATES POSTAGE
U.S. OFFICIAL MAIL
PENALTY FOR PRIVATE USE $300
$00.370
0004206335 DEC 22 2005
MAILED FROM ZIP CODE 38118

ROY WATSON
PO BOX 766
PROVO UT 84603-0766

84603+0766-66 B010

**APPEALS CASE MEMORANDUM**
**COLLECTION DUE PROCESS – LEVY**

| Taxpayer | Type of Tax | Period(s) | Unpaid Liability |
|---|---|---|---|
| Roy Watson | Income | 12/1991 | $ 0.00 |
| | | 12/1992 | $38,008.79 |
| | | 12/1994 | $10,675.48 |
| | | 12/1995 | $ 4,110.25 |
| | | 12/1996 | $ 2,215.88 |
| | | 12/1997 | $ 2,956.10 |
| | | 12/1998 | $ 4,869.57 |
| | | 12/1999 | $ 6,496.29 |
| | | 12/2000 | $ 4,508.88 |

## I. SUMMARY OF THE ISSUES

Should the IRS pursue a levy as a means to collect past due income tax?

## II. BRIEF BACKGROUND

The taxpayer filed timely income tax returns for 1995 and 1996 claiming Earned Income Credit. The service denied the EITC for each year and issued SNOD. The taxpayer defaulted on the SNOD for each year and the tax and EITC were assessed on 05/10/1999 for the 1995 tax year and on 08/30/1999 for the 1996 tax year. The taxpayers account was placed in uncollectible status on 12/09/2000. A notice of intent to levy was issued on 04/28/2003 for the 1995 tax period and on 05/18/2003 for the 1996 tax period. The taxpayer filed a request for a CDP hearing on 06/03/2003 for both periods. The request was timely for 1996 but was late for 1995. The taxpayer is granted a CDP hearing for 1996 and an equivalent hearing for 1995.

## III. DISCUSSION AND ANALYSIS

### Applicable Law and Administrative Procedures

IRC §6331 provides a levy when a taxpayer neglects or refuses to pay a tax liability after notice and demand. Transcripts show that notice and demand was issued at the time of assessment.

Notice and demand was issued by regular mail to the taxpayer's last known address as required under IRC §6303. The District's case file reflects the mailing of the LT-11 that provides notice of intent to levy and provides notice of a right to a hearing on March 25, 2004. The 30-day notice required under IRC §6331(d) has been sent via certified mail. The notice included liabilities for unpaid U. S. Individual Income taxes for the years 1991, 1992, 1994, 1995, 1996, 1997, 1999 and 2000. The LT 11 states that the taxpayer must submit his request for a Collection Due Process Hearing within 30 days of the date of the letter. Mr. Watson submitted a blank Form 12153 Request for a Collection Due Process Hearing with attachments that was post marked on May 7, 2004. The request was not timely. Mr. Watson is not entitled to a Collection

Due Process Hearing, however he is entitled to an Equivalent Hearing. His request was being treated as a request for an Equivalent Hearing.

This Appeals Officer has had no prior involvement with respect to these appealed liabilities.

**RELEVANT ISSUES PRESENTED BY THE TAXPAYER**

Challenges to the Appropriateness of the Collection Action

**Why does the taxpayer believe that the lien/levy should be withdrawn or not enforced?**

The attachments to the 12153 raised no non-frivolous issues. Mr. Watson did not propose any collection alternatives. He merely states that the taxes are not assessed under color of law.

**Why does the Director believe that the lien should not be withdrawn or the levy enforced?**

A Notice of Deficiency was issued and the taxpayer defaulted without petitioning the court and has owed the tax since the date of assessment.

**IV. MY EVALUATION**

An Equivalent Hearing by phone was offered on September 26, 2005. Mr. Watson failed to phone at the time allotted. A second appointment letter was mailed on September 27, 2005 to allow for another phone hearing to be held on October 11, 2005 however, a letter from Mr. Watson was received on September 28, 2005 in which Mr. Watson states that he did not request a hearing and continued to put forth a frivolous position that there has been no legal assessment of the tax. Mr. Watson's letter states that he is responding to the hearing date with his letter. Mr. Watson did not offer any collection alternatives.

Mr. Watson owes U. S. Individual Income taxes for the years listed. All of the periods were SFRs (substitute for return). Statutory Notice of Deficiency was issued for each period. Mr. Watson failed to petition the Tax Court for redetermination and defaulted on the Notices. The tax was assessed as shown.

The Appeals Officer assumes that Mr. Watson's letter represents his position and sufficed to meet the requirements for a hearing. The Appeals Officer mailed MFTRAXs to the taxpayer to establish the assessments and prepared the decision letter to which this statement is attached.

Appeals will not restrict collection activity.

**Balancing Efficient Collection and Intrusiveness**

Given the Mr. Watson's lack of legitimate concerns this determination balances the need for efficient collection of the taxes in the least intrusive manner.

**Internal Revenue Service**
**Appeals Office**
**150 E. Social Hall Avenue, Room 325**
**Salt Lake City, UT 84111**

Official Business
Penalty for Private Use, $300

U.S. OFFICIAL MAIL
SALT LAKE CITY
SEP 30 '05
UT
PENALTY FOR PRIVATE USE $300
P.B. METER 6505422
1.06
U.S. POSTAGE

Roy Watson
P.O. Box 766
Provo, UT 84603-0766

**Internal Revenue Service**
Appeals Office
Suite 325, MS8000SLC
150 E Social Hall Avenue
Salt Lake City, UT 84111

**Department of the Treasury**

**Person to Contact:**
Thomas D Conger
Employee ID Number: 87-70063
Tel: 801-799-6656
Fax: 801-799-6662
**Refer Reply to:**
AP:FW:SLC:TC
**In Re:**
Collection Due Process - Levy
**Tax Period(s) Ended:**
12/1991 12/1992 12/1994 12/1995
12/1996 12/1997 12/1999 12/2000

Date: September 30, 2005

ROY WATSON
PO BOX 766
PROVO UT 84603-0766

Dear Mr. Watson:

Enclosed are transcripts of your account. They serve as proof of assessment of tax. Our letters apparently crossed in the mail. I will leave October 11 available for your call if you wish to discuss collection alternatives.

Sincerely,

Thomas D Conger
Appeals Officer

Enclosures:
Transcripts of your account

PAGE NO-0001 IRS EMPLOYEE 6615630674

DATE REQUESTED 09-28-2005 PRINT DATE 09-28-2005

FORM NUMBER: 1040A TAX PERIOD: DEC 1991

TAXPAYER IDENTIFICATION NUMBER: 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
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: 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

ROY A WATSON

\- BODC-WI BODCLC-

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF 06-13-2005 |
| ACCRUED PENALTY: | 0.00 | AS OF 06-13-2005 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |

**FILING STATUS: MARRIED FILING SEPARATE

| | |
|---|---|
| ** EXEMPTIONS: 01 | |
| ** ADJUSTED GROSS INCOME: | 31,815.00 |
| ** TAXABLE INCOME: | 26,815.00 |
| TAX PER RETURN: | 0.00 |
| ** SE TAXABLE INCOME TAXPAYR: | 31,615.00 |
| ** SE TAXABLE INCOME SPOUSE: | 0.00 |
| ** TOTAL SELF EMPLOY TAX: | 4,837.00 |

** PER RETURN OR AS ADJUSTED

08-31-1993 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
10-18-1993 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN 29210-254-03307-3 | 10-18-1993 | 0.00 |
| 460 | EXTENSION OF TIME TO FILE EXT. DATE 08-15-1992 | 04-15-1992 | |
| 170 | ESTIMATED TAX PENALTY 199509 | 03-13-1995 | 581.00 |
| 160 | LATE FILING PENALTY 199509 | 03-13-1995 | 2,535.00 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-447-00376-5 199509 | 03-13-1995 | 10,138.00 |
| 336 | INTEREST ASSESSED 199509 | 03-13-1995 | 3,029.27 |
| 582 | FEDERAL TAX LIEN | 02-17-1998 | |
| 360 | FEES AND COLLECTION COSTS | 03-09-1998 | 20.00 |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE LEVY NOTICE ISSUED | 06-15-1999 | |
| 520 | LEGAL/BANKRUPTCY SUIT PENDING | 07-19-1999 | |

****************************CONTINUED ON NEXT PAGE****************************

| Code | Description | Date | Amount |
|---|---|---|---|
| 521 | LEGAL/BANKRUPTCY SUIT NO LONGER PENDING | 01-13-2002 | |
| 290 | ADDITIONAL TAX ASSESSED<br>29254-470-18113-2 200212 | 04-01-2002 | 0.00 |
| 670 | SUBSEQUENT PAYMENT | 08-27-2003 | 203.85- |
| 670 | SUBSEQUENT PAYMENT | 09-24-2003 | 203.85- |
| 670 | SUBSEQUENT PAYMENT | 10-22-2003 | 203.85- |
| 670 | SUBSEQUENT PAYMENT | 11-26-2003 | 203.85- |
| 670 | SUBSEQUENT PAYMENT | 12-24-2003 | 203.85- |
| 670 | SUBSEQUENT PAYMENT | 01-28-2004 | 207.15- |
| 670 | SUBSEQUENT PAYMENT | 02-25-2004 | 207.15- |
| 670 | SUBSEQUENT PAYMENT | 03-24-2004 | 207.15- |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE<br>LEVY NOTICE ISSUED | 03-25-2004 | |
| 670 | SUBSEQUENT PAYMENT | 04-28-2004 | 207.15- |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE<br>RETURN RECEIPT SIGNED | 05-11-2004 | |
| 670 | SUBSEQUENT PAYMENT | 05-26-2004 | 217.50- |
| 670 | SUBSEQUENT PAYMENT | 06-23-2004 | 207.60- |
| 670 | SUBSEQUENT PAYMENT | 07-28-2004 | 207.60- |
| 670 | SUBSEQUENT PAYMENT | 08-25-2004 | 207.60- |
| 670 | SUBSEQUENT PAYMENT | 09-22-2004 | 207.60- |
| 670 | SUBSEQUENT PAYMENT | 10-27-2004 | 207.60- |
| 670 | SUBSEQUENT PAYMENT | 11-24-2004 | 207.60- |
| 608 | STATUTE EXPIRED - CLEAR TO ZERO<br>UNCOLLECTABLE AMOUNT OWED<br>$ 12,992.32- | 03-14-2005 | 12,992.32- |

PAGE NO-0001 IRS EMPLOYEE 6615630674

DATE REQUESTED 09-28-2005 PRINT DATE 09-28-2005

FORM NUMBER: 1040A TAX PERIOD: DEC 1992

TAXPAYER IDENTIFICATION NUMBER: 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

ROY A WATSON

\- BODC-WI BODCLC-

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE: 16,975.87
ACCRUED INTEREST: 18,434.42 AS OF 10-10-2005
ACCRUED PENALTY: 2,598.50 AS OF 10-10-2005

ACCOUNT BALANCE
PLUS ACCRUALS: 38,008.79

** EXEMPTIONS: 01 **FILING STATUS: SINGLE
** ADJUSTED GROSS INCOME: 32,884.00
** TAXABLE INCOME: 27,584.00
TAX PER RETURN: 0.00
** SE TAXABLE INCOME TAXPAYR: 32,677.00
** SE TAXABLE INCOME SPOUSE: 0.00
** TOTAL SELF EMPLOY TAX: 5,000.00

** PER RETURN OR AS ADJUSTED

02-02-1994 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
03-14-1994 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN<br>29210-043-00935-4 | 03-14-1994 | 0.00 |
| 170 | ESTIMATED TAX PENALTY<br>199509 | 03-13-1995 | 453.00 |
| 160 | LATE FILING PENALTY<br>199509 | 03-13-1995 | 2,599.00 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION<br>29247-447-00375-5 199509 | 03-13-1995 | 10,394.00 |
| 336 | INTEREST ASSESSED<br>199509 | 03-13-1995 | 2,029.87 |
| 582 | FEDERAL TAX LIEN | 02-17-1998 | |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE<br>LEVY NOTICE ISSUED | 06-15-1999 | |
| 520 | LEGAL/BANKRUPTCY SUIT PENDING | 07-19-1999 | |
| 290 | QUICK ASSESSMENT<br>29251-284-13505-1 | 10-11-2001 | 0.00 |
| 240 | QUICK ASSESSMENT<br>29251-284-13505-1 | 10-11-2001 | 1,500.00 |

****************************CONTINUED ON NEXT PAGE****************************

| | | |
|---|---|---|
| 521 | LEGAL/BANKRUPTCY SUIT NO LONGER PENDING | 01-13-2002 |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE LEVY NOTICE ISSUED | 03-25-2004 |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE RETURN RECEIPT SIGNED | 05-11-2004 |

PAGE NO-0001 IRS EMPLOYEE 6615630674

DATE REQUESTED 09-28-2005 PRINT DATE 09-28-2005

FORM NUMBER: 1040A TAX PERIOD: DEC 1994

TAXPAYER IDENTIFICATION NUMBER: 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
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: 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*

ROY WATSON

\- BODC-WI BODCLC-

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 8,915.69 | |
| ACCRUED INTEREST: | 917.79 | AS OF 10-10-2005 |
| ACCRUED PENALTY: | 842.00 | AS OF 10-10-2005 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 10,675.48 | |

**FILING STATUS: MARRIED FILING SEPARATE

| | |
|---|---|
| ** EXEMPTIONS: | 01 |
| ** ADJUSTED GROSS INCOME: | 14,659.00 |
| ** TAXABLE INCOME: | 9,034.00 |
| TAX PER RETURN: | 0.00 |
| ** SE TAXABLE INCOME TAXPAYR: | 14,567.00 |
| ** SE TAXABLE INCOME SPOUSE: | 0.00 |
| ** TOTAL SELF EMPLOY TAX: | 2,229.00 |

** PER RETURN OR AS ADJUSTED

02-28-2002 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
04-01-2002 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN 29210-068-25129-2 | 04-01-2002 | 0.00 |
| 170 | ESTIMATED TAX PENALTY 200340 | 10-13-2003 | 185.93 |
| 160 | LATE FILING PENALTY 200340 | 10-13-2003 | 895.75 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-662-00280-3 200340 | 10-13-2003 | 3,583.00 |
| 336 | INTEREST ASSESSED 200340 | 10-13-2003 | 4,251.01 |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE LEVY NOTICE ISSUED | 03-25-2004 | |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE RETURN RECEIPT SIGNED | 05-11-2004 | |

PAGE NO-0001 IRS EMPLOYEE 6615630674

DATE REQUESTED 09-28-2005 PRINT DATE 09-28-2005

FORM NUMBER: 1040A TAX PERIOD: DEC 1995

TAXPAYER IDENTIFICATION NUMBER: 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
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: 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*

ROY WATSON

\- BODC-WI BODCLC-

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 3,400.62 | |
| ACCRUED INTEREST: | 350.08 | AS OF 10-10-2005 |
| ACCRUED PENALTY: | 359.55 | AS OF 10-10-2005 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 4,110.25 | |

** EXEMPTIONS: 01 **FILING STATUS: MARRIED FILING SEPARATE

| | |
|---|---|
| ** ADJUSTED GROSS INCOME: | 7,950.00 |
| ** TAXABLE INCOME: | 2,175.00 |
| TAX PER RETURN: | 0.00 |
| ** SE TAXABLE INCOME TAXPAYR: | 7,858.00 |
| ** SE TAXABLE INCOME SPOUSE: | 0.00 |
| ** TOTAL SELF EMPLOY TAX: | 1,202.00 |

** PER RETURN OR AS ADJUSTED

02-27-2002 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
04-08-2002 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN 29210-068-25130-2 | 04-08-2002 | 0.00 |
| 160 | LATE FILING PENALTY 200340 | 10-13-2003 | 382.50 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-662-00281-3 200340 | 10-13-2003 | 1,530.00 |
| 336 | INTEREST ASSESSED 200340 | 10-13-2003 | 1,488.12 |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE LEVY NOTICE ISSUED | 03-25-2004 | |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE RETURN RECEIPT SIGNED | 05-11-2004 | |

PAGE NO-0001 IRS EMPLOYEE 6615630674

DATE REQUESTED 09-28-2005 PRINT DATE 09-28-2005

FORM NUMBER: 1040A TAX PERIOD: DEC 1996

TAXPAYER IDENTIFICATION NUMBER: 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
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: 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*

ROY A WATSON

- BODC-WI BODCLC-

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 1,386.25 | |
| ACCRUED INTEREST: | 829.63 | AS OF 10-10-2005 |
| ACCRUED PENALTY: | 0.00 | AS OF 10-10-2005 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 2,215.88 | |

** EXEMPTIONS: 01 **FILING STATUS: MARRIED FILING SEPARATE

| | |
|---|---|
| ** ADJUSTED GROSS INCOME: | 8,414.00 |
| ** TAXABLE INCOME: | 2,514.00 |
| TAX PER RETURN: | 0.00 |
| ** SE TAXABLE INCOME TAXPAYR: | 8,361.00 |
| ** SE TAXABLE INCOME SPOUSE: | 0.00 |
| ** TOTAL SELF EMPLOY TAX: | 1,279.00 |

** PER RETURN OR AS ADJUSTED

06-02-2000 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
07-17-2000 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN 29210-169-25113-0 | 07-17-2000 | 0.00 |
| 160 | LATE FILING PENALTY 200121 | 06-04-2001 | 372.60 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-537-00110-1 200121 | 06-04-2001 | 1,656.00 |
| 336 | INTEREST ASSESSED 200121 | 06-04-2001 | 844.45 |
| 276 | FAILURE TO PAY TAX PENALTY 200121 | 06-04-2001 | 414.00 |
| 582 | FEDERAL TAX LIEN | 10-11-2002 | |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE LEVY NOTICE ISSUED | 11-05-2002 | |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE UNDELIVERABLE LEVY NOTICE | 11-10-2002 | |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE LEVY NOTICE ISSUED | 03-25-2004 | |

*****************************CONTINUED ON NEXT PAGE*****************************

PAGE NO-0002 IRS EMPLOYEE 6615630674

| | | | |
|---|---|---|---|
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE | 05-11-2004 | |
| 670 | SUBSEQUENT PAYMENT | 12-22-2004 | 207.60- |
| 670 | SUBSEQUENT PAYMENT | 01-26-2005 | 211.65- |
| 670 | SUBSEQUENT PAYMENT | 02-23-2005 | 211.65- |
| 670 | SUBSEQUENT PAYMENT | 03-23-2005 | 211.65- |
| 670 | SUBSEQUENT PAYMENT | 04-27-2005 | 211.65- |
| 670 | SUBSEQUENT PAYMENT | 05-25-2005 | 211.65- |
| 670 | SUBSEQUENT PAYMENT | 06-22-2005 | 211.65- |
| 670 | SUBSEQUENT PAYMENT | 07-27-2005 | 211.65- |
| 670 | SUBSEQUENT PAYMENT | 08-24-2005 | 211.65- |

PAGE NO-0001 IRS EMPLOYEE 6615630674

DATE REQUESTED 09-28-2005 PRINT DATE 09-28-2005

FORM NUMBER: 1040A TAX PERIOD: DEC 1997

TAXPAYER IDENTIFICATION NUMBER: 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
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: 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*

ROY A WATSON

- BODC-WI BODCLC-

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE: 2,270.07
ACCRUED INTEREST: 609.35 AS OF 10-10-2005
ACCRUED PENALTY: 76.68 AS OF 10-10-2005

ACCOUNT BALANCE
PLUS ACCRUALS: 2,956.10

** EXEMPTIONS: 01 **FILING STATUS: MARRIED FILING SEPARATE
** ADJUSTED GROSS INCOME: 7,260.00
** TAXABLE INCOME: 1,160.00
TAX PER RETURN: 0.00
** SE TAXABLE INCOME TAXPAYR: 7,214.00
** SE TAXABLE INCOME SPOUSE: 0.00
** TOTAL SELF EMPLOY TAX: 1,104.00

** PER RETURN OR AS ADJUSTED

06-02-2000 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
07-17-2000 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN 29210-169-26113-0 | 07-17-2000 | 0.00 |
| 160 | LATE FILING PENALTY 200121 | 06-04-2001 | 287.55 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-537-00111-1 200121 | 06-04-2001 | 1,278.00 |
| 336 | INTEREST ASSESSED 200121 | 06-04-2001 | 461.70 |
| 276 | FAILURE TO PAY TAX PENALTY 200121 | 06-04-2001 | 242.82 |
| 582 | FEDERAL TAX LIEN | 10-11-2002 | |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE LEVY NOTICE ISSUED | 11-05-2002 | |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE UNDELIVERABLE LEVY NOTICE | 11-10-2002 | |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE LEVY NOTICE ISSUED | 03-25-2004 | |

****************************CONTINUED ON NEXT PAGE****************************

PAGE NO-0002                          IRS EMPLOYEE 6615630674

971 INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE    05-11-2004

PAGE NO-0001 IRS EMPLOYEE 6615630674

DATE REQUESTED 09-28-2005 PRINT DATE 09-28-2005

FORM NUMBER: 1040A TAX PERIOD: DEC 1998

TAXPAYER IDENTIFICATION NUMBER: 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
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: 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*

ROY A WATSON

\- BODC-WI BODCLC-

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 3,632.87 | |
| ACCRUED INTEREST: | 972.94 | AS OF 10-10-2005 |
| ACCRUED PENALTY: | 263.76 | AS OF 10-10-2005 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 4,869.57 | |

** EXEMPTIONS: 01 **FILING STATUS: MARRIED FILING SEPARATE

| | |
|---|---|
| ** ADJUSTED GROSS INCOME: | 10,387.00 |
| ** TAXABLE INCOME: | 4,137.00 |
| TAX PER RETURN: | 0.00 |
| ** SE TAXABLE INCOME TAXPAYR: | 10,321.00 |
| ** SE TAXABLE INCOME SPOUSE: | 0.00 |
| ** TOTAL SELF EMPLOY TAX: | 1,579.00 |

** PER RETURN OR AS ADJUSTED

06-02-2000 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
07-17-2000 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN 29210-169-25112-0 | 07-17-2000 | 0.00 |
| 170 | ESTIMATED TAX PENALTY 200121 | 06-04-2001 | 100.60 |
| 160 | LATE FILING PENALTY 200121 | 06-04-2001 | 494.55 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-537-00109-1 200121 | 06-04-2001 | 2,198.00 |
| 336 | INTEREST ASSESSED 200121 | 06-04-2001 | 533.98 |
| 276 | FAILURE TO PAY TAX PENALTY 200121 | 06-04-2001 | 285.74 |
| 582 | FEDERAL TAX LIEN | 10-11-2002 | |
| 360 | FEES AND COLLECTION COSTS | 11-04-2002 | 20.00 |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE LEVY NOTICE ISSUED | 11-05-2002 | |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE | 11-10-2002 | |

****************************CONTINUED ON NEXT PAGE*****************************

PAGE NO-0002                                    IRS EMPLOYEE 6615630674

UNDELIVERABLE LEVY NOTICE

PAGE NO-0001 IRS EMPLOYEE 6615630674

DATE REQUESTED 09-28-2005 PRINT DATE 09-28-2005

FORM NUMBER: 1040A TAX PERIOD: DEC 1999

TAXPAYER IDENTIFICATION NUMBER: 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
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: 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*

ROY WATSON

- BODC-WI BODCLC-

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE: 5,774.64
ACCRUED INTEREST: 594.45 AS OF 10-10-2005
ACCRUED PENALTY: 127.20 AS OF 10-10-2005

ACCOUNT BALANCE
PLUS ACCRUALS: 6,496.29

** EXEMPTIONS: 01 **FILING STATUS: MARRIED FILING SEPARATE
** ADJUSTED GROSS INCOME: 13,688.00
** TAXABLE INCOME: 7,338.00
TAX PER RETURN: 0.00
** SE TAXABLE INCOME TAXPAYR: 13,602.00
** SE TAXABLE INCOME SPOUSE: 0.00
** TOTAL SELF EMPLOY TAX: 2,081.00

** PER RETURN OR AS ADJUSTED

02-28-2002 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
04-08-2002 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN 29210-068-25131-2 | 04-08-2002 | 0.00 |
| 170 | ESTIMATED TAX PENALTY 200340 | 10-13-2003 | 153.90 |
| 160 | LATE FILING PENALTY 200340 | 10-13-2003 | 715.50 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-662-00282-3 200340 | 10-13-2003 | 3,180.00 |
| 336 | INTEREST ASSESSED 200340 | 10-13-2003 | 1,057.44 |
| 276 | FAILURE TO PAY TAX PENALTY 200340 | 10-13-2003 | 667.80 |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE LEVY NOTICE ISSUED | 03-25-2004 | |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE RETURN RECEIPT SIGNED | 05-11-2004 | |

PAGE NO-0001 IRS EMPLOYEE 6615630674

DATE REQUESTED 09-28-2005 PRINT DATE 09-28-2005

FORM NUMBER: 1040A TAX PERIOD: DEC 2000

TAXPAYER IDENTIFICATION NUMBER: 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
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: 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*

ROY WATSON

- BODC-WI BODCLC-

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE: 3,872.37
ACCRUED INTEREST: 398.62 AS OF 10-10-2005
ACCRUED PENALTY: 237.89 AS OF 10-10-2005

ACCOUNT BALANCE
PLUS ACCRUALS: 4,508.88

** EXEMPTIONS: 01 **FILING STATUS: MARRIED FILING SEPARATE
** ADJUSTED GROSS INCOME: 11,081.00
** TAXABLE INCOME: 4,606.00
TAX PER RETURN: 0.00
** SE TAXABLE INCOME TAXPAYR: 11,011.00
** SE TAXABLE INCOME SPOUSE: 0.00
** TOTAL SELF EMPLOY TAX: 1,685.00

** PER RETURN OR AS ADJUSTED

07-19-2002 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
08-19-2002 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN 29210-208-25012-2 | 08-19-2002 | 0.00 |
| 170 | ESTIMATED TAX PENALTY 200340 | 10-13-2003 | 127.07 |
| 160 | LATE FILING PENALTY 200340 | 10-13-2003 | 535.27 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-662-00283-3 200340 | 10-13-2003 | 2,379.00 |
| 336 | INTEREST ASSESSED 200340 | 10-13-2003 | 474.18 |
| 276 | FAILURE TO PAY TAX PENALTY 200340 | 10-13-2003 | 356.85 |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE LEVY NOTICE ISSUED | 03-25-2004 | |
| 971 | INTENT TO LEVY COLLECTIONDUE PROCESS NOTICE RETURN RECEIPT SIGNED | 05-11-2004 | |

**Internal Revenue Service**
**Appeals Office**
**150 E. Social Hall Ave., Rm. 325**
**Salt Lake City, UT 84111**

Official Business
Penalty for Private Use, $300

SALT LAKE CITY UT 841

27 SEP 2005 PM

U.S. OFFICIAL MAIL

PENALTY FOR PRIVATE USE $300

P.B. METER 6505422

U.S. POSTAGE

ROY WATSON
PO BOX 766
PROVO UT 84603-0766

Co
**Tax**
12/
12/

**Internal Revenue Service**
Appeals Office
Suite 325, MS8000SLC
150 E Social Hall Avenue
Salt Lake City, UT 84111

**Department of the Treasury**

**Person to Contact:**
Thomas D Conger
Employee ID Number: 87-70063
Tel: 801-799-6656
Fax: 801-799-6662
**Refer Reply to:**
AP:FW:SLC:TC
**In Re:**
Collection Due Process - Levy
**Tax Period(s) Ended:**
12/1991 12/1992 12/1994 12/1995
12/1996 12/1997 12/1999 12/2000

Date: September 26, 2005

ROY WATSON
PO BOX 766
PROVO UT 84603-0766

Dear Mr. Watson:

I previously sent you a letter requesting that you call me on 09/26/2005 at 10:00 a.m. for your requested conference. Since you failed to call I am extending a second invitation for you to call me on **October 11, 2005 at 2:00**.

The same rules as outlined in the previous letter apply. You are limited to discussing the issues relevant to paying your tax liability. These include, for example, offering other ways to pay the taxes you owe, such as an installment agreement or offer in compromise. The Internal Revenue Manual determines whether Appeals can accept your proposal. I have no authority to hear or discuss the issues you raised in your cdp request as they are considered to be frivolous.

If I don't hear from you on October 11 I will proceed to make a determination on your case and notify you by mail of the decision.

Sincerely,

Thomas D Conger
Appeals Officer



Internal Revenue Service
Appeals Office
150 E. Social Hall Ave., Rm. 325
Salt Lake City, UT 84111
Official Business
Penalty for Private Use, $300
PENALTY FOR PRIVATE USE $300
Rec Sept 18 - 630 pm
84603+0766-66 8010

Internal Revenue Service
Appeals Office
Suite 325, MS8000SLC
150 E Social Hall Avenue
Salt Lake City, UT 84111

**Department of the Treasury**

**Person to Contact:**
Thomas D Conger
Employee ID Number: 87-70063
Tel: 801-799-6656
Fax: 801-799-6662
**Refer Reply to:**
AP:FW:SLC:TC
**In Re:**
Collection Due Process - Levy
**Social Security or Employer Identification Number:**
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
**Tax Period(s) Ended:**
12/1991 12/1992 12/1994 12/1995
12/1996 12/1997 12/1999 12/2000

Date: September 12, 2005

ROY WATSON
PO BOX 766
PROVO UT 84603-0766

We Received Your Request for A Collection Due Process Hearing
And We Need To Advise You On Procedures

Dear Mr. Watson:

I've received your request for a Collection Due Process (CDP) Hearing. The items that you mention in your CDP request are items that:

1. Courts have determined are frivolous or groundless, or
2. Appeals does not consider. These are moral, religious, political, constitutional, conscientious, or similar grounds.

Examples of arguments that are considered frivolous or groundless are provided in "The Truth About Frivolous Tax Arguments" on the IRS Internet website at http://www.irs.gov/pub/irs-utl/friv_tax.pdf. It is not a complete list of frivolous and groundless arguments.

Appeals does not provide a face-to-face conference if the only items you wish to discuss are those mentioned above. You may, however, have a telephone conference or discuss with us by correspondence any relevant challenges to the filing of the notice of federal tax lien or the proposed levy.

If you are interested in receiving a face-to-face conference, you must be prepared to discuss issues relevant to paying your tax liability. These include, for example, offering other ways to pay the taxes you owe, such as an installment agreement or offer in compromise. The Internal Revenue Manual determines whether Appeals can accept your proposal. If you wish to have a face-to-face conference, please write me within 15 days from the date of this letter and describe the legitimate issues you will discuss.

In the meantime, I have scheduled a telephone conference for you on September 26, 2005 at 10:00. Since you did not provide a telephone number you may call me at that time. If this is not convenient for you, or if you prefer to conduct your hearing by

correspondence, please contact me as soon as possible. I would be happy to consider other dates within 14 days of the scheduled conference. If I don't hear from you before the scheduled conference date, I will issue the required determination letter based on the information in the file.

Please contact me with any questions or concerns you have regarding this request or the Collection Due Process procedure itself. You'll find my telephone number listed above.

Sincerely,

Thomas D Conger
Appeals Officer